IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**WENDY FOS and KENNETH FOS**                                    **PLAINTIFFS**

**v.**                                                    **CAUSE NO. 3:12cv735-LG-JCG**

**WAL-MART STORES EAST, LP**                                      **DEFENDANT**

### ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, A NEW TRIAL

BEFORE THE COURT is the [196] Motion for Judgment as a Matter of Law, or in the alternative, a New Trial, filed by Plaintiffs Wendy Fos and Kenneth Fos. For the reasons discussed herein, the Court is of the opinion that the Motion should be denied, and the jury's verdict in favor of Defendant Wal-Mart Stores East, LP, upheld.

This is a negligence action governed by Mississippi law.  Plaintiff Wendy Fos claimed that she was injured while shopping at a Wal-Mart store in Madison, Mississippi, due to the negligence of a Wal-Mart employee.  Specifically, the parties submitted that on or about April 4, 2011, Mrs. Fos was shopping at Wal-Mart in the cereal aisle.  According to Mrs. Fos, Wal-Mart employee Danielle Williams was stocking the shelves from a cart that carried cases and/or boxes of cereal.  Mrs. Fos contended in her Complaint and at trial that at least one case of cereal, as well as individual boxes, fell from the stocking cart and landed on her left ankle, causing her significant and sustained injuries.

A jury trial was held beginning on July 13, 2015.  Plaintiffs moved for judgment as a matter of law at the close of all evidence, which was denied.  The jury

then returned a verdict in favor of Wal-Mart. Plaintiffs have now renewed their motion for judgment as a matter of law, and request a new trial in the alternative.

## DISCUSSION

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a). If a Court denies a motion for judgment as a matter of law at trial, after a jury verdict, "the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b).

"'A motion for judgment as a matter of law . . . in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury verdict.'" *Allstate Ins. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 405 (5th Cir. 2007) (citation omitted). The motion "should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for a party." *Id.* (citation and quotation marks omitted). Thus, the Court should only grant such a motion "when the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict." *Id.* (citation and quotation marks omitted). In deciding whether to grant judgment as a matter of law, the Court must "view all evidence and draw all reasonable inferences in the light most favorable to the verdict." *Id.*

(citation and quotation marks omitted); *see also Brown v. Bryan Cty.*, 219 F.3d 450, 456 (5th Cir. 2000) (court is "especially deferential" to jury verdict).

In addition, "Rule 59 'confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict.'" *Cleveland v. Wal-Mart Stores, Inc.*, No. 3:09-cv-142-DPJ-FKB, 2011 WL 1399849, at *2 (S.D. Miss. Apr. 12, 2011) (citation omitted). "[A] new trial may be granted 'for any reason for which a new trial has heretofore been granted in an action at law in federal court.'" *Id.* (citation Fed. R. Civ. P. 59(a)).

**The Motion for Judgment as a Matter of Law**

Plaintiffs state that "[t]he instant Motion has nothing to do with the full extent of Wendy Fos' injury, whether or not she has CRPS, or any other damage question; only whether Wal-Mart was negligent . . . ." (Pls.' Reply 4, ECF No. 203). The Court agrees insofar as what the actual issue is.

However, Plaintiffs both at trial and now request that the Court usurp the role of the jury and determine the question of negligence as a matter of law. They state that Williams' conduct was *de facto* negligent, *i.e.*, that she *negligently* stacked and unloaded boxes. The evidence presented at trial was that Williams did in fact stack and unload the boxes. But the jury was free to infer that she did not do so in a negligent or unreasonable manner. *See, e.g.*, *Hankins Lumber Co. v. Moore*, 774 So. 2d 459, 464 (Miss. Ct. App. 2000) ("When reasonable minds might differ on the matter, questions of proximate cause and of negligence . . . are generally for determination [by the] jury.").

Plaintiffs' reliance on Wal-Mart's internal policies to argue that the jury could have reached no other verdict but to find negligence is misplaced. Plaintiffs state that Wal-Mart's policies establish that merchandise must be stacked in a straight and stable manner. They then seek to take on the role of juror themselves and infer that because boxes fell, the boxes were not stacked in a straight and stable manner. Plaintiffs' argument is essentially that Wal-Mart's policies established that Williams was negligent *per se*, a theory that is unsupported by the applicable law. *See, e.g.*, *Keen v. Miller Envtl. Grp., Inc.*, 702 F.3d 239, 248-49 (5th Cir. 2012).

While Plaintiffs state that Williams admitted that she did not follow the policies and procedures for stacking, the cited testimony does not support this conclusion. Williams testified:

Q: Did you follow these policies on April 4, 2011?

A: Yes, some of them.

Q: Did you follow them all?

A: Yeah. I tried at least.

(Williams trial testimony 8:4-7, Ex. A to Pls.' Mot., ECF No. 196-1). This is far from the admission of liability for which Plaintiffs argue. In fact, Williams also testified that she was unaware of anything she did wrong to make the boxes fall. (*See id.* at 28:14-25).

Although Plaintiffs argue that the jury accepted some of Williams' testimony and rejected other parts of her testimony, that is exactly what Plaintiffs are now

4

asking this Court to do – give credence to Williams' testimony that was favorable to Plaintiffs and ignore the testimony that was favorable to Wal-Mart. What testimony to accept and what to reject is a determination to be made by the jury, and the Court may not interfere with that determination. *See, e.g.*, *Standard v. Fire Ins. Co. v. Mitchell*, 666 F. Supp. 950, 954 (E.D. Tex. 1987) ("It is within the sole province of the jury to judge the credibility of the witnesses and within the jury's power . . . to accept or reject all or part of any witness's testimony."); *see also Brennan's Inc. v. Dickie Brennan & Co. Inc.*, 376 F.3d 356, 362 (5th Cir. 2004) ("the court may not make credibility determinations or weigh the evidence, as those are jury functions"). Based on all the testimony and evidence presented, the jury was free to infer that Williams' stacking and unloading of the boxes did not rise to the level of negligent or unreasonable conduct, especially in light of the conflicting testimony with respect to the positioning of the cart and the number of boxes loaded thereon. *See, e.g.*, *Cooper v. Morales*, 535 F. App'x 425, 428 (5th Cir. 2013) ("[I]t is the function of the jury as the traditional finder of facts, and not the Court, to weigh conflicting evidence and inferences . . . .") (citation and quotation marks omitted).

Regardless, it was well within the province of the jury to determine that Mrs. Fos was not telling the truth when she claimed that the boxes fell *on her*. Wal-Mart was not required to directly refute Mrs. Fos' testimony on this point, and would have had no direct evidence to do so since it was undisputed that there were no other witnesses to, or security video footage of the accident. But it cannot

reasonably be argued that Mrs. Fos was anything but an interested witness in the outcome of the trial. There were serious questions raised as to Mrs. Fos' credibility, and the jury was free to reject her testimony on this point.[1] *See Brennan's*, 376 F.3d at 362; *see also Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 628 (1944) ("the mere fact that the witness is interested in the result of the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact") (citation and quotation marks omitted). In short, the Court concludes that the facts and inferences in this action simply did not point so strongly in favor of Plaintiffs that a rational jury could not have reached a contrary verdict. *See Allstate Ins. v. Receivable Fin.*, 501 F.3d at 405.

**The Motion for a New Trial**

Plaintiffs contend that they are entitled to a new trial because (1) the jury's verdict was against the great weight of the evidence, and (2) the Court declined to give their requested jury instruction on the doctrine of *res ipsa loquitur*. The Court will address each argument in turn below, but first notes that both parties cite to law governing premises liability, even though this was not a premises liability case. For example, Plaintiffs rely on *Smith v. Toys "R" Us, Inc.*, 754 So. 2d 209 (La. 1999), an action applying Louisiana's "falling merchandise" premises liability law. The

---

[1] In that same vein, Plaintiffs are incorrect that the jury was not free to reject Dr. Weatherly's testimony regarding the bruising on Mrs. Fos' left ankle. (*See, e.g.*, Reply 4-5, ECF No. 203). Dr. Weatherly's diagnosis was based on what Mrs. Fos told him; the jury could have inferred that Mrs. Fos – again, certainly an interested witness – suffered another injury in the interim about which she chose not to tell her doctor.

Court does not find that law persuasive. To the extent Plaintiffs seek to recast this action as a premises liability case, their argument as to *res ipsa* must fail, as that doctrine does not apply to premises liability cases under Mississippi law. *See, e.g.*, *Calhoun v. Leaf River Cellulose, LLC*, No. 2:10-cv-118-KS-MTP, 2011 WL 5872897, at *3 (S.D. Miss. Nov. 23, 2011). Plaintiffs cannot have it both ways.

A.  **Plaintiffs' Argument That The Verdict Was Against The Great Weight Of The Evidence**

"'In making a determination that the verdict is against the weight of the evidence, the court weighs all the evidence and need not view it in the light most favorable to the nonmoving party.'" *Cleveland*, 2011 WL 1399849, at *2 (citation omitted). "But 'a motion for a new trial should not be granted unless the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence.'" *Id.* (citation and brackets omitted). Likewise, a verdict "should not be set aside merely because a 'jury could have drawn different inferences or conclusions or because judges feel that other results are more reasonable.'" *Id.* (citation omitted).

The Court is not "convinced that the verdict is against the great weight of the evidence" for the same reasons already outlined above, including conflicting testimony and credibility issues. *See Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). Plaintiffs cite *Carr v. Wal-Mart Stores, Inc.*, 312 F.3d 667 (5th Cir. 2002), a case applying Louisiana "falling merchandise" law, in support of their argument for a new trial. Another court has already rejected *Carr* in a case

7

applying Mississippi law, and this Court does so again here. *See Cleveland*, 2011 WL 1399849, at *2 n.1.

Even so, in finding that the jury's verdict of no negligence was against the great weight of the evidence, the *Carr* court specifically stated that "the evidence clearly establishes that a Wal-Mart employee caused the [falling merchandise] to be in such a precarious position that [the merchandise] ultimately fell." *See* 312 F.3d at 671. In contrast, here, there was no evidence conclusively establishing that the boxes at issue were stacked in a "precarious" position; rather, as discussed above, there was conflicting evidence as to how the boxes were stacked, including their positioning and height. Wal-Mart also conceded in *Carr*, unlike in this action, that the falling merchandise actually struck the plaintiff. *See id.*

"A new trial is warranted if the evidence is against the great, and not merely the greater, weight of the evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 586 (5th Cir. 2003). The Court is of the opinion that that is not the case here. *See, e.g.*, *Palmer v. Griffin*, 65 F. App'x 509, *1 (5th Cir. 2003); *see also Cleveland*, 2011 WL 1399849, at *2.

        **B.    Plaintiffs' Argument Regarding *Res Ipsa Loquitur* Instruction**

"A decision not to give a jury instruction will not be reversed absent an abuse of discretion." *Romero v. K-mart Corp.*, 44 F.3d 1005, *1 (5th Cir. 1995). Plaintiffs do not object to the substance of the instructions that were given or argue that those instructions were incorrect. Their sole contention with respect to the instructions

8

pertains to the Court's "refusal to grant an instruction embodying the principle of res ipsa loquitur, which Mississippi says should be strictly limited and cautiously applied." *See Crawford v. Worth*, 447 F.2d 738, 742 (5th Cir. 1971). Indeed, Mississippi courts have instructed on multiple occasions that courts should exercise caution when determining whether to apply the doctrine. *See, e.g.*, *Winters v. Wright*, 869 So. 2d 357, 362-65 (Miss. 2003).

Accordingly, where the facts are sufficiently developed to resolve the question of negligence without resort to the doctrine of *res ipsa*, application of the doctrine is inappropriate. *See Landrum v. Smith*, 233 So. 2d 217, 219 (Miss. 1970); *see also Johnson v. Davidson Ladders, Inc.*, 403 F. Supp. 2d 544, 551 (N.D. Miss. 2005) ("The doctrine of res ipsa loquitur is a rule of circumstantial evidence allowing the inference of negligence from the mere fact of an *unexplained* accident.") (emphasis added), *aff'd sub nom.*, 193 F. App'x 349, *1 (5th Cir. 2006). Here, the jury was provided with an eye witness account of how the incident occurred. Based largely upon that evidence the jury determined that Plaintiff failed to prove by a preponderance of the evidence that the Wal-Mart employee's conduct was negligent. The requested instruction on the doctrine of *res ipsa loquitur* was properly denied.

## CONCLUSION

For all the reasons discussed herein, the Court is of the opinion that Plaintiffs are not entitled to judgment as a matter of law or to a new trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [196] Motion

for Judgment as a Matter of Law, or in the alternative, a New Trial, filed by Plaintiffs Wendy Fos and Kenneth Fos is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 9th day of September, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE